1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIET MIKE NGO, | CASE NO.    1:04-cv-05301-OWW-MJS (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE WHY DEFENDANT KORSTJENS SHOULD NOT BE DISMISSED FROM THIS ACTION |
| v. | |
| SCOTT P. RAWERS, et al., | RESPONSE FROM PLAINTIFF DUE WITHIN THIRTY DAYS |
| Defendants. | |

_____/

Plaintiff Viet Mike Ngo ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The action proceeds on Plaintiff's Complaint filed February 17, 2004.  Plaintiff alleges that Defendants Rawers, Korstjens, Ramirez, and Wilson retaliated against him for filing an inmate grievance. (ECF Nos. 1 & 13.)

On January 22, 2008, the Court forwarded documents to Plaintiff with instructions to complete and return them to the Court for service of process on Defendants Rawers, Korstjens, Ramirez, and Wilson.  (ECF No. 13.)  On February 21, 2008, Plaintiff returned

1

the completed documents, and on February 26, 2008, the Court ordered the United States Marshal to initiate service of process upon Defendants.  (ECF Nos. 14 & 15.)

On May 19, 2008, the United States Marshal filed Waivers of Service by Defendants Rawers, Ramirez, and Wilson.  (ECF Nos. 20, 21, & 22.)  An Answer was filed by these Defendants on July 21, 2008.  (ECF No. 26.)  Thus, Defendants Rawers, Ramirez, and Wilson were successfully served and have appeared in this action.

On April 3, 2008, the United States Marshal filed an unexecuted Return of Service as to Defendant Korstjens and a subsequent notice; both pointed out that service could not be effectuated because Korstjens was deceased.  (ECF Nos. 17 & 18.)  Thus, Defendant Korstjens was not successfully served and has not appeared in this action.

It is Plaintiff's duty to provide the Court with the service address of this Defendant or, if applicable, his successors or representatives.  Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993) (plaintiff is responsible for providing marshal with proper address for service of defendants).  Where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendant is appropriate.  Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994).

If per chance Plaintiff failed to appreciate from the unexecuted return of service and notice in April 2008 (ECF Nos. 17 & 18) that Defendant Korstjens had died, he should have inquired about said defendant's failure to answer or otherwise appear.  In either event, Plaintiff's failure to provide information to enable service on Korstjens's successors makes dismissal appropriate.

Nevertheless, the Court may grant Plaintiff additional time to attempt to provide such

information **if** Plaintiff can establish good cause for the delay and for granting more time.

See Fed. R. Civ. P. 4(m) (court must dismiss defendants that were not served in a timely

manner unless plaintiff can show good cause that merits additional time).

Accordingly, IT IS HEREBY ORDERED that:

1.    Within thirty (30) days from the date of service of this Order, Plaintiff shall file

       a written response showing good cause why Defendant Korstjens should not

       be dismissed from this action for failure to successfully complete service of

       process;

2.    In the alternative, Plaintiff may file a written non-opposition to the dismissal

       of Defendant Korstjens; and

3.    Plaintiff's failure to comply with this Order shall result in a recommendation

       that this action be dismissed as to Defendant Korstjens.


IT IS SO ORDERED.

Dated:  ___February 3, 2011___        ___ /s/ *Michael J. Seng*___

                                             UNITED STATES MAGISTRATE JUDGE

3